UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOSE ALEXIS HERNANDEZ MANCIA,
proceeding by his next friend
EMELY RECINOS GARCIA ,

               Petitioner,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY et al.,

               Respondents.

_____/

Case No. 1:26-cv-944

Honorable Jane M. Beckering

## **OPINION**

Emely Recinos Garcia initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on behalf of her husband, Jose Alexis Hernandez Mancia, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan. [1][2] (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

---

[1] The Court previously granted Ms. Recinos Garcia permission to proceed on Mr. Hernandez Mancia's behalf as next friend. (Order, ECF No. 8.)

[2] Kevin Raycraft, the Field Office Director of Enforcement and Removal Operations for the Immigration and Customs Enforcement Detroit Field Office, shall be substituted for Respondent U.S. Immigration and Customs Enforcement, and Markwayne Mullin, United States Secretary of Homeland Security, shall be substituted for Respondent U.S. Department of Homeland Security.

**Discussion**

**I.       Procedural History**

In the § 2241 petition, Mr. Hernandez Mancia challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 either ordering Respondents to release him or ordering Respondents to conduct a bond hearing to satisfy the requirements of due process. (Pet., ECF No. 1, PageID.5; Br. Supp. Pet., ECF No. 2, PageID.13.)[3]

In an order entered on March 26, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Mr. Hernandez Mancia should not be granted. (Order, ECF No. 8.) Respondents filed their response on March 31, 2026. (ECF No. 9.)

**II.      Factual Background**

Mr. Hernandez Mancia is a native and citizen of El Salvador. (Notice to Appear (NTA), ECF No. 9-1, PageID.80.) Mr. Hernandez Mancia entered the United States about ten years ago at an unknown location without inspection. (Hernandez Mancia Decl., ECF No. 5-2, PageID.29; NTA, ECF No. 9-1, PageID.80.)

On November 7, 2025, ICE agents encountered and arrested Mr. Hernandez Mancia in Columbus, Ohio, while he was on his way to work. (Pet., ECF No. 1, PageID.3; 2025 Form I-213, ECF No. 9-2, PageID.85.) At that time, Department of Homeland Security (DHS) issued Mr. Hernandez Mancia a Form I-862, NTA, charging him with inadmissibility under § 212(a)(6)(A)(i)

---

[3] In addition to filing the § 2241 petition, Petitioner also filed a motion for immediate release and a motion for stay of removal pending resolution of the petition. (ECF Nos. 4, 5.) As set forth in this opinion, the Court will grant the § 2241 petition and order Respondents to provide a bond hearing or release Mr. Hernandez Mancia from custody. In light of this, the entry of the Court's opinion and corresponding judgment moots the pending motions.

of the Immigration and Nationality Act (INA) because Mr. Hernandez Mancia is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General," (NTA, ECF No. 9-1, PageID.80.)

On March 13, 2026, Mr. Hernandez Mancia, through counsel, filed a motion for a bond hearing in the Detroit Immigration Court, but he withdrew his request on March 23, 2026. (Bond Mtn., ECF No. 9-4, PageID.90; Order of the Immigration Judge (IJ), ECF No. 9-4, PageID.98.) That same day, Mr. Hernandez Mancia filed another motion for a bond hearing, but he again withdrew his request on March 30, 2026. (Order of the IJ, ECF No. 9-5, PageID.109.)

Mr. Hernandez Mancia is scheduled for an individual hearing on May 13, 2026, in the Detroit Immigration Court. *See* Automated Case Information, https://acis.eoir.justice.gov/en/ (enter 247-018-574 for the A-Number, select "El Salvador" for the Nationality, and select Submit) (last visited Apr. 15, 2026).

## III.     Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV.     Exhaustion

Respondents argue that the Court should deny Mr. Hernandez Mancia's request for habeas corpus relief because he has not exhausted his administrative remedies. Specifically, Respondents

argue that Mr. Hernandez Mancia should pursue a bond hearing and, if necessary, appeal any unfavorable decision to the Board of Immigration Appeals.

The Court declines to enforce the doctrine of prudential exhaustion against Mr. Hernandez Mancia, and even if the Court were to conclude that exhaustion is warranted, the Court concludes in the alternative that waiver of exhaustion is appropriate, for the reasons set forth in the Court's exhaustion analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *2–3 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *2–4 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *2–4 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *2–3 (W.D. Mich. Dec. 12, 2025).

Accordingly, the Court will proceed to address the merits of the § 2241 petition.

## V.     Merits Discussion

### A.      Statutory Basis for Detention

Respondents contend that Mr. Hernandez Mancia meets every element for detention under § 1225(b)(2), and that the statute's structure and history support Respondents' interpretation.

The Court concludes that § 1226(a), not § 1225(b)(2)(A), governs noncitizens, such as Mr. Hernandez Mancia, who have resided in the United States and were already within the United States when apprehended and arrested for the reasons set forth in the Court's statutory analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *3–6 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *4–6 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025

WL 3562577, at *4–7 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *3–6 (W.D. Mich. Dec. 12, 2025).[4]

### B.     Fifth Amendment Due Process Considerations

Mr. Hernandez Mancia also argues that his detention violates the Fifth Amendment's Due Process Clause. Respondents counter Mr. Hernandez Mancia's arguments by stating that he has received notice of the charges against him, has access to counsel, may request hearings with an immigration judge, has the right to appeal the denial of any request for bond, and has been detained by ICE for a relatively short period of time.

The Court concludes that Mr. Hernandez Mancia's current detention under the mandatory detention framework set forth in § 1225(b)(2)(A) violates his Fifth Amendment due process rights for the reasons set forth in the Court's constitutional analysis in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *6–8 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *7–8 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *7–9 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *6–8 (W.D. Mich. Dec. 12, 2025).

### VI.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Mr. Hernandez Mancia's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in the § 2241 petition.

---

[4] The Court is aware of *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which was recently issued by the United States Court of Appeals for the Fifth Circuit, and *Avila v. Bondi*, No. 25-3248, --- F.4th ----, 2026 WL 819258 (8th Cir. Mar. 25, 2026), which was recently issued by the United States Court of Appeals for the Eighth Circuit. At this time, these non-binding cases do not change the Court's analysis.

**VII.    Proper Respondents**

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action, and they seek the dismissal of all of the other named Respondents.[5] The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025).

To ensure that this Court's orders regarding a hearing or release will bind at least one Respondent with authority to act in the event that Mr. Hernandez Mancia is transferred out of the Western District of Michigan, Kevin Raycraft, the Field Office Director of Enforcement and Removal Operations for the Immigration and Customs Enforcement Detroit Field Office, shall be substituted for Respondent U.S. Immigration and Customs Enforcement, and Markwayne Mullin, United States Secretary of Homeland Security, shall be substituted for Respondent U.S. Department of Homeland Security.

<u>Conclusion</u>

For the reasons discussed above, the Court will enter a judgment conditionally granting Mr. Hernandez Mancia's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court will order Respondents to provide Mr. Hernandez Mancia with a bond hearing

---

[5] The Court previously dismissed the warden of the North Lake Processing Center as a Respondent. (Order, ECF No. 8.)

6

under 8 U.S.C. § 1226(a) within five business days of the date of this Court's opinion and judgment

with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled

hearing, or, in the alternative, immediately release Mr. Hernandez Mancia from custody.[6] The

Court will also order Respondents to file a status report within six business days of the date of this

Court's opinion and judgment to certify compliance with this opinion and the corresponding

judgment. The status report shall include if and when the bond hearing occurred, if bond was

granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the

reasons for the denial. Furthermore, Kevin Raycraft, the Field Office Director of Enforcement and

Removal Operations for the Immigration and Customs Enforcement Detroit Field Office, shall be

substituted for Respondent U.S. Immigration and Customs Enforcement, and Markwayne Mullin,

United States Secretary of Homeland Security, shall be substituted for Respondent U.S.

Department of Homeland Security.

Dated:        April 17, 2026                    /s/ Jane M. Beckering
                                               Jane M. Beckering
                                               United States District Judge

---

[6] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer or only release.